# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

In the Matter of the Claim of JOHN SCHREYER, Executor, etc., Claimant and Appellant, *v.* MARY FRANCIS HOLBORROW and another, Administrators, etc., of HENRY S. HOLBORROW, Deceased, Respondents.

*Reference of claims against a deceased person's estate—motion to set aside the report — when it should be made—Assignment — one holding a claim as an individual cannot assign it to himself as an executor.*

APPEAL from an order denying a motion made upon a case, to set aside the report of a referee and for a new trial.

The reference was made under the statute providing for the hearing and determining of claims against the estate of a deceased party. After hearing the evidence a report was made rejecting the claims, and judgment has since been entered upon such report.

The court at General Term said: "It has been objected that the motion to set it aside, which was made after the judgment, was too late. But the practice as it now has become settled is against the validity of such an objection. Beyond that, the application was heard under the practical sanction of the General Term. For when the case was before it on a preceding occasion, the appeal on the application of the respondent was then dismissed because the motion had not been first heard at the Special Term, and without prejudice to the right still to make such a motion. It was to comply with the rule of practice requiring the motion to be first made there, in an application of this nature, that the motion was made which resulted in the order from which the appeal has been taken. And the court was not deprived of the power to hear it simply because a judgment had in form been entered.

"It has also been claimed that the case was not served in time, but as it was in fact settled and made the foundation of the motion before the Special Term, it is too late now for the respondent to derive any advantage from that objection. The case must consequently be regarded as regularly before this court for the determination of the merits of the controversy.

"All the claims, except one, which were made the subject of investigation at the trial, were owing from Holborrow, the deceased intestate, to Schreyer individually. For the purpose of placing them in a condition in which they might be joined with another claim held by Schreyer, in his representative capacity, he executed a formal assignment of the individual claims to himself as executor. And upon the basis of that assignment he endeavored to enforce them against the estate of the deceased intestate in his favor as executor. The case of *Scrantom* v. *Farmers', etc., Bank of Rochester* (24 N. Y., 424) has been relied upon as an authority sustaining such an assignment. But no such legal effect can properly be attributed to it. The transaction there had resulted in an actual appropriation of the money derived from the claim to the estate, and for that reason it was sustained. It was held that the referee had not decided that the assignment by the plaintiff to himself as executor transferred the money secured by the policy to the estate, and that it was not necessary that he should have so decided

"This was the doctrine of the prevailing opinion, and it is evident from it that an assignment of this nature was not intended to be sustained by the decision. The dissenting opinion of DENIO, J., was emphatic that the assignment was legally inoperative.

"Upon that subject he stated that the paper which the executor as an individual had made and signed and then kept in his own possession was of no legal force. (Id., 429.) And that result seems to follow from the circumstances that the person executing such a paper and the individual receiving it are one and the same party, incapable of contracting with or transferring interests from himself as an individual to himself as an executor.

"Because of that inability no title was transferred to Schreyer, as executor, by the assignment which he himself executed individually, and the claims intended to be affected by it were therefore properly rejected by the referee."

*Conlan & McCrea*, for the appellant.

*J. W. Hawes*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Order modified as directed in opinion, without costs.